```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| RONALD JOHNSON, § | |
| TDCJ-CID NO. 1262925, § | |
| § | |
| Petitioner, § | |
| § | |
| v.  § | |
| § | CIVIL ACTION NO. H-09-3189 |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Ronald Johnson filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging his state court conviction and sentence. Pending before the court is Respondent Thaler's Motion to Dismiss with Brief in Support (Docket Entry No. 9), which argues that Johnson's petition is time-barred. Although the motion was filed on December 15, 2009, Johnson has not responded to it. For the reasons stated below, the court will grant Thaler's motion and deny Johnson's petition for a writ of habeas corpus.

### I. Procedural History and Claims

**A.  Procedural History**

On March 24, 2004, petitioner Johnson was indicted for the felony of burglary of a habitation with intent to commit theft.[1]

---

[1] Indictment in Cause No. 973124, The State of Texas v. Ronald Johnson, attached to Clerk's Record, Docket Entry No. 10, p. 13.

Johnson entered a plea of not guilty, and his case was tried before a jury in the 338th District Court of Harris County, Texas.[2] On September 30, 2004, the jury found Johnson guilty and sentenced him to fifty years in prison.[3]

Johnson appealed his conviction. The Fourteenth Court of Appeals of Texas affirmed the conviction on December 22, 2005.[4] Johnson did not file a Petition for Discretionary Review ("PDR").[5] On June 7, 2006, Johnson filed an application for state writ of habeas corpus challenging his conviction.[6] On October 4, 2006, the Texas Court of Criminal Appeals dismissed the application as noncompliant with Texas Rule of Appellate Procedure 73.1.[7] Johnson filed a second application for state writ of habeas corpus

---

[2] Judgment on Plea Before Jury, Cause No. 973124, The State of Texas v. Ronald Johnson, attached to Clerk's Record, Docket Entry No. 10, p. 61.

[3] Id. at 61-62.

[4] Johnson v. Texas, No. 14-04-00979-CR (Tex. App. -- Houston [14th Dist.] 2005), included in State Court Records, Docket Entry No. 10.

[5] See Exhibit A to Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 9 (showing Johnson's request for an extension to file a PDR denied by the Texas Court of Criminal Appeals on June 2, 2006). Johnson states in his Petition that his PDR was denied on June 2, 2006. Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3. In fact, he filed a request for an extension to file a PDR, which was denied on that date.

[6] Application for a Writ of Habeas Corpus Seeking Relief from a Final Felony Conviction, State Habeas Record WR-65,870-01, Docket Entry No. 10, pp. 2-10.

[7] Id. at cover.

challenging his conviction on May 21, 2008.[8]  On July 30, 2008, the Texas Court of Criminal Appeals dismissed the application as noncompliant.[9]  Johnson filed a third application for state writ of habeas corpus challenging his conviction on June 17, 2009.[10]  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court on July 29, 2009.[11]

Johnson's Petition was filed with the Southern District of Texas Clerk of Court on September 30, 2009 (Docket Entry No. 1). Johnson's application, however, states that it was executed and placed in the prison mailing system on August 20, 2009.[12]  In the case of a *pro se* prisoner, "a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing."  *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).  Respondent has presented evidence, however, that of the four letters placed by Johnson in the prison mail system between August 20, 2009, and September 30, 2009, none were addressed to the

---

[8] Application for a Writ of Habeas Corpus Seeking Relief from a Final Felony Conviction, State Habeas Record WR-65,870-02, Docket Entry No. 10, pp. 2-12.

[9] *Id.* at cover.

[10] Application for a Writ of Habeas Corpus Seeking Relief from a Final Felony Conviction, State Habeas Record WR-65,870-03, Docket Entry No. 10, pp. 2-12.

[11] *Id.* at cover.

[12] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 9.

Southern District of Texas Clerk of Court.[13]  Respondent states that this evidence "reflect[s] that Johnson did not utilize the prison mail system to file the instant petition," and argues that the "mailbox rule" is therefore inapplicable.[14]  Respondent cites <u>Cousin v. Lensing</u>, 310 F.3d 843, 847 n.2 (5th Cir. 2002), in which the Fifth Circuit noted that other circuits have declined to apply the mailbox rule to prisoner litigants who employ non-attorney intermediaries to file federal petitions.  In the absence of a clear statement by the Fifth Circuit on this issue, however, and also in the absence of a clear record of how exactly Johnson's Petition was filed with the court, the court concludes that under a policy of leniency toward <u>pro se</u> litigants it is more appropriate to deem the Petition as having been filed on August 20, 2009.  The difference in dates between August 20, 2009, and September 30, 2009, does not affect the outcome in this action.

**B.   Petitioner's Claims**

Johnson has asserted four claims in support of his habeas petition.  These claims are:

   (1)   The evidence was factually and legally insufficient to support his conviction.

---

[13]Business Records Affidavit by Janis Scott, Mailroom Supervisor at the Wynne Unit in Huntsville, Exhibit B to Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 9.

[14]Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 9, p. 3 n.2.

>   (2) His trial counsel was ineffective for:
>
>       (a) failing to make objections at trial;
>       (b) failing to file motions; and
>       (c) failing to investigate.
>
>   (3) His conviction was the result of an illegal search and seizure.
>
>   (4) His appellate counsel was ineffective for failing to raise issues on direct appeal and for failing to investigate.[15]

Respondent argues that Johnson's claims should be dismissed because Johnson's habeas petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

## II.  **Statute of Limitations**

**A. Applicable Law**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended the federal habeas statutes.  See 28 U.S.C. § 2253; see generally Lindh v. Murphy, 117 S.Ct. 2059, 2061 (1997). The AEDPA establishes a statute of limitations for filing federal habeas petitions, codified in 28 U.S.C. § 2244(d)(1):

>   (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the

---

[15]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8.

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1) (2009).

The AEDPA's limitations period can be tolled statutorily by a properly filed application for state post-conviction review:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.  28 U.S.C. § 2244(d)(2) (2009).

**B.   Applying § 2244(d) to Johnson's Petition**

Respondent argues that the period of limitations for Johnson's federal habeas petition expired on April 17, 2007, under 28 U.S.C. § 2244(d)(1)(A), and that therefore Johnson's petition, which was filed more than two years later, is barred.[16]  First, respondent argues that § 2244(d)(1)(A) is the relevant provision for this action because the provisions in subsections (B), (C), and (D) are not applicable.  Section 2244(d)(1)(B) applies where state action has impeded the petitioner's ability to file an application for habeas relief.  Johnson has not suggested that state action created

---

[16]Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 9, p. 4.

an impediment to his filing a habeas petition.  The court concludes that § 2244(d)(1)(B) is not applicable.  Section 2244(d)(1)(C) applies where the petitioner's claim is based on a constitutional right newly recognized by the United States Supreme Court, or on a right that the Supreme Court has made retroactively applicable to cases on collateral review.  Because Johnson has not alleged that any such right has been violated, the court concludes that § 2244(d)(1)(C) is not applicable.  Section 2244(d)(1)(D) applies only where the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence until after the judgment became final.  Since all of the facts upon which Johnson bases his claims were available to him prior to the December 22, 2005, decision of the Fourteenth Court of Appeals, the court concludes that § 2244(d)(1)(D) is not applicable.  Therefore, the relevant limitation period in this action is determined by § 2244(d)(1)(A), which provides that the 1-year period of limitation shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Johnson's judgment and sentence were affirmed on direct appeal on December 22, 2005.[17]  In Texas if a criminal defendant wishes to appeal a decision of a court of appeals they must file a PDR to the Texas Court of Criminal Appeals within 30 days after the day the

---

[17]Johnson v. Texas, No. 14-04-00979-CR (Tex. App. -- Houston [14th Dist.] 2005), included in State Court Records, Docket Entry No. 10.

court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. Tex. R. App. P. 68.2(a). Respondent has produced evidence showing that Johnson filed a request for an extension to file a PDR on June 2, 2006, and that the Texas Court of Criminal Appeals denied the request for an extension.[18] This evidence shows that Johnson never properly filed a PDR. Since the Fourteenth Court of Appeals rendered final judgment on December 22, 2005, and Johnson did not file a PDR within the 30-day limit, the judgment against him became final 30 days later. See Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding in a habeas case involving a Texas defendant that the one-year limitations period for § 2244(d)(1)(A) began to run when the thirty-day period for filing a PDR ended). Since January 21, 2006, fell on a Saturday, the judgment became final on Monday, January 23, 2006. See Tex. R. App. P. 4.1(a). Thus, the period of limitations began to run on January 23, 2006, and expired on January 23, 2007, absent statutory tolling.[19]

Statutory tolling may be relevant in this action since Johnson filed a petition for state habeas relief on June 7, 2006, prior to the expiration of the 1-year limitations period. The state

---

[18]Exhibit A to Respondent's Motion to Dismiss with Brief in Support, Docket Entry No. 9.

[19]The court cannot ascertain how respondent determined that the judgment against Johnson became final on April 17, 2006. In any event, the difference in calculations does not affect the outcome of this action.

-8-

petition was dismissed on October 4, 2006, 119 days later. 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Respondent argues, however, that the period of limitations should not be tolled under § 2244(d)(2) because Johnson's state petition was not a "properly filed application," since it was dismissed by the Texas Court of Criminal Appeals for noncompliance with Texas Rule of Appellate Procedure 73.1.[20] The Fifth Circuit has held that "a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements." Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999). Since the Court of Criminal Appeals determined that Johnson's state petition was noncompliant with state rules, the court concludes that it was not a "properly filed application" such that tolling under § 2244(d)(2) should apply. Johnson did not file his second petition until May 21, 2008, by which point more than two years had passed since his judgment became final. The court concludes that statutory tolling is not applicable in this action, and therefore that Johnson's period of limitations for filing this action expired on January 23, 2007.

---

[20]Application for a Writ of Habeas Corpus Seeking Relief from a Final Felony Conviction, State Habeas Record WR-65,870-01, Docket Entry No. 10, cover.

Since Johnson filed this action, at the earliest, on August 20, 2009, he clearly filed it after the expiration of the limitations period under § 2244(d)(1)(A). Johnson's petition is time-barred and must be dismissed.

**C.    Equitable Tolling is Not Applicable**

Although Johnson has not argued that equitable tolling should apply in this action, in consideration of Johnson's status as a pro se litigant the court will consider whether it could apply. The Fifth Circuit has held that the AEDPA statute of limitations may be subject to equitable tolling. United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008). Equitable tolling is permitted only "in rare and exceptional circumstances." Id., citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998); see also Minter v. Beck, 230 F.3d 663, 666-67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted). A habeas petitioner bears the burden of establishing that equitable tolling is appropriate. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden Johnson must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

his way" of timely filing his habeas petition.  Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007).

Johnson has not demonstrated that he has pursued his rights diligently or that extraordinary circumstances prevented him from doing so.  Johnson waited over nineteen months after the dismissal of his first state habeas application to file his second state habeas application, and he waited more than ten months after the dismissal of his second state habeas application to file his third state habeas application.  Such delays do not indicate the diligent pursuit of his rights.  Nor has Johnson pointed to any extraordinary circumstances that prevented him from timely filing his petition.  In the absence of evidence of such circumstances, the court concludes that equitable tolling is not appropriate in this action.

### III.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion to Dismiss (Docket Entry No. 9) is **GRANTED.**

2. Johnson's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED.**

**SIGNED** at Houston, Texas, on this 18th day of February, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE